**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **DEMETRIUS RICHARDSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) **CIVIL ACTION NO. 1:26-00112-JB-N** |
| | ) |
| **JULIUS NETTLES,** *Mobile Police* | ) |
| *Department Homicide Detective,* | ) |
| *et al.,* | ) |
| | ) |
| **Defendants.** | ) |

## <u>ORDER</u>

The Plaintiff, **DEMETRIUS RICHARDSON**, initiated this civil action without counsel (*pro se*) by filing a complaint with the Court on March 30, 2026. *See* (Doc# 1); Fed. R. Civ. P. 3. The assigned District Judge has referred the complaint to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (3/31/2026 electronic reference notation).

The Plaintiff did not pay the requisite $405 in filing and administrative fees for instituting a civil action, *see* 28 U.S.C. § 1914(a),[1] nor has he submitted an affidavit and motion for leave to proceed without prepayment of the fees, or *in forma*

---

[1] Under 28 U.S.C. § 1914, "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court … to pay a filing fee of $350," along with "such additional fees only as are prescribed by the Judicial Conference of the United States." 28 U.S.C. § 1914(a)-(b). Effective December 1, 2023, the Judicial Conference prescribes an additional $55 "[a]dministrative fee for filing a civil action, suit, or proceeding in a district court." *See* https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule (last visited March 31, 2026).

*pauperis* (IFP), under 28 U.S.C. § 1915. Upon due consideration, the Plaintiff is

**ORDERED** to, no later than **APRIL 24, 2026**, *either* (1) pay to the Clerk of Court

the $405 in fees for instituting this civil action, *or* (2) complete and file an IFP

motion, using this Court's form, that provides clear answers to all requests for

information (even if the answer is "0," "none," etc.). *See* S.D. Ala. GenLR 84 (the

Court's forms "illustrate the information that the Court deems necessary in those

situations applicable to each form"). The failure to comply with this directive may

result in entry of a recommendation to the Court that this action be dismissed

without prejudice *sua sponte* for failure to pay the filing fee required by § 1914

and/or for failure to comply with a court order.[2]

The Clerk of Court is **DIRECTED** to mail a copy of this Court's form IFP

motion to the Plaintiff along with this order. That form, as well as other resources

---

[2] *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) (holding that a district court may dismiss an action for failure to prosecute and obey a court order under both Federal Rule of Civil Procedure 41(b) and the court's inherent power to manage its docket); *Brutus v. IRS*, 393 F. App'x 682, 683–84 (11th Cir. 2010) (per curiam) (unpublished) ("Rule 41(b) provides that, '[i]f the plaintiff fails ... to comply with ... a court order, a defendant may move to dismiss the action or any claim against it.' Fed. R. Civ. P. 41(b). In interpreting this provision, we have held that the district court may *sua sponte* dismiss a case under Rule 41(b). *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). *Sua sponte* dismissal is appropriate 'to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court.' *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir.2009) (quotation omitted)."). *Cf. Escobedo v. Applebees*, 787 F.3d 1226, 1228 (9th Cir. 2015) ("Obviously, if an IFP application is submitted with the complaint in lieu of the filing fee, and the application is thereafter denied, the district court will be free to dismiss the complaint if the fee is not paid within a reasonable time following the denial.").

for *pro se* litigants, can also be accessed electronically on the Court's website at: https://www.alsd.uscourts.gov/filing-without-attorney.

## NOTICE TO *PRO SE* PLAINTIFF

Documents filed by *pro se* parties must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014) (quotation omitted). The Plaintiff is advised that "[a]ll persons proceeding *pro se* shall be bound by, and must comply with, all Local Rules of this Court, as well as the Federal Rules of Civil … Procedure, unless excused by Court order." S.D. Ala. GenLR 83.5(a). S*ee also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders."); *United States v. Hung Thien Ly*, 646 F.3d 1307, 1315 (11th Cir. 2011) ("A *pro se* [party] must follow the rules of procedure and evidence and the district court has no duty to act as his lawyer…" (citation omitted)). For instance, Federal Rule of Civil Procedure 11(a) requires that any paper filed with the Court be signed by a *pro se* party personally and provide that party's "address, e-mail address, and telephone number." *See also* S.D. Ala. GenLR 5(a)(4) ("For filings by *pro se* litigants, the unrepresented party shall personally sign each document filed and shall include, directly beneath the

3

signature line, his or her name, address and telephone number."). Unless and until the Plaintiff registers with the Clerk of Court to electronically file with the Court, *see* Administrative Procedure for Electronic Filing in the United States District Court for the Southern District of Alabama, § III(B) (last revised 2/1/2019) (https://www.alsd.uscourts.gov/sites/alsd/files/AdminPro.pdf); Fed. R. Civ. P. 5(d)(3), the Plaintiff must <u>handwrite</u> his/her signature in order to satisfy Rule 11(a).[3] "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a). Repeated failures to follow this or any other court rule or order may result in additional sanctions, up to and including dismissal of this action. *See Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) (explaining that a court may dismiss an action on its own motion as a sanction for failure to obey rules and orders, under both Federal Rule of Civil Procedure 41(b) and the court's inherent authority); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

Under this Court's local rules, "[a]ny person proceeding *pro se* must, at all

---

[3] *See Becker v. Montgomery*, 532 U.S. 757, 763–64, 121 S. Ct. 1801, 149 L. Ed. 2d 983 (2001) ("Becker maintains that typing one's name satisfies the signature requirement and that his original notice of appeal, containing his name typed above "(Counsel of Record)," met Civil Rule 11(a)'s instruction…[H]owever, we are not disposed to extend the meaning of the word 'signed,' as that word appears in Civil Rule 11(a), to permit typed names. As Rule 11(a) is now framed, we read the requirement of a signature to indicate, as a signature requirement commonly does, and as it did in John Hancock's day, a name handwritten (or a mark handplaced).").

times during the pendency of the action to which he or she is a party, keep the Clerk informed of his or her current address and … must promptly notify the Clerk of any change of address … Failure to comply with this Rule may result in sanction, including dismissal of a *pro se* plaintiff's action…" S.D. Ala. GenLR 83.5(b). Additionally, any "request for Court action must be presented by motion and may not be presented by informal means such as a letter." S.D. Ala. GenLR 7.[4]

    **DONE** and **ORDERED** this the **1st** day of **April 2026**.

                                */s/ Katherine P. Nelson*
                                  **KATHERINE P. NELSON**
                                  **UNITED STATES MAGISTRATE JUDGE**

---

[4] The Court's Local Rules and standing orders can be accessed at: https://www.alsd.uscourts.gov/court-info/local-rules-and-orders