IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DEMETRIUS RICHARDSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIV. ACTION NO. 26-00112-JB-N |
| | ) | |
| JULIUS NETTLES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Currently pending before the Court are numerous motions by the parties, including a Motion to Dismiss filed by Defendants City of Mobile Police Department, Julius Nettles, and Jermaine Rogers ("Officer Defendants") (*see* Doc. 5) and a Motion to Dismiss filed by the Mobile County District Attorney's Office ("Mobile DA's Office") (*see* Doc. 18). Also pending is Plaintiff's Request for an Extension of Time to Respond to the Officer Defendants' Motion to Dismiss, which includes requests for Power of Attorney forms and five blank summonses and complaint forms, (Doc. 15)  as well as a Notice of Proposed Summons (Doc. 22). For the reasons explained below, the Court **STRIKES** the Defendants' Motions to Dismiss (Docs. 5 and 18), as the complaint was served prematurely. Plaintiff's Request for an Extension of Time to Respond (Doc. 15) is now **MOOT**, and Plaintiff's Requests for power of attorney forms and summonses (Docs. 15 and 22) are **DENIED**.

Upon *sua sponte* review of this action, it appears that summonses were prematurely issued by the Court's Clerk's Office on April 2, 2026. (*See* Doc. 4). Because Plaintiff is a prisoner who has filed suit against a government official or employee, his complaint is due to be screened or reviewed under 28 U.S.C. § 1915A and will be dismissed if it "(1) is frivolous,

malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. 1915A(b)(1), (2). Dismissal for these causes is mandatory rather than discretionary. *See* § 1915A(b) ("On review, the court shall identify cognizable claims or dismiss the complaint . . . ."). This mandatory screening was not conducted prior to the issuance of summonses which were served or attempted to be served on the defendants. For this reason, Defendants' Motions to Dismiss are **STRICKEN** from the record to allow for initial screening of the complaint under § 1915A.

Additionally, Richardson's Request for an Extension of Time to Respond to the Motion to Dismiss (Doc. 15) is now **MOOT**. Along with his request for an extension, Plaintiff asked the Court to send him "power of attorney" forms, so that Paulette Anderson can act on his behalf, and five summonses and complaints. (Doc. 15). Parties in federal court are authorized only to "plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. "The right to appear *pro se*, however, is limited to parties conducting 'their own cases,' and does not extend to non-attorney parties representing the interests of others." S*ee FuQua v. Massey*, 615 F. App'x 611, 612 (11th Cir. 2015) (per curiam). Accordingly, Plaintiff's requests are **DENIED**.

Moreover, Plaintiff filed a proposed summons addressed to "Trini" Rankin. (Doc. 22). It appears based on the letter attached to the summons that Plaintiff put the wrong address for Ms. Rankin on the summons that was initially issued, and this summons is meant to correct the mistake. However, the summons will not be issued by the Court for two reasons. First, the complaint identifies "Trina" Rankin as the defendant in this action, not "Trini" Rankin. While this is likely a scrivener's error, the Court cannot determine the correct name of the party being sued. Therefore, Plaintiff must inform the Court of the correct name of the defendant being sued. Stated another way, either the complaint or summons needs to be amended. Second, no

summonses will be issued until Plaintiff's complaint is screened under § 1915A, as explained above. If Plaintiff's complaint survives screening, then the Court will direct service of the complaint on the defendants.

This complaint is hereby referred to the Magistrate Judge for screening under 28 U.S.C. § 1915, and other appropriate action pursuant to 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b).

In accordance with this order, the Clerk is **DIRECTED** to **MOOT** all response deadlines associated with Defendants' Motions to Dismiss. (Docs. 5 and 18).

**DONE** and **ORDERED** this the **15th** day of **July, 2026**.

 /s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE